Case No. 12-2056, John Rupp v. Phusion Projects All right. We did call the case. At this time, I would like only the lawyers that are going to make any comments step up to the podium and identify yourselves for the record, if you would. Good morning, Your Honor. Charles Schaffer on behalf of the defendants. Mr. Schaffer. Good morning, Your Honor. Jeffrey Simon on behalf of the respondents. Mr. Simon. All right. I don't know if either of you were in here earlier, but I will just readvise. Each side will have approximately 15 minutes to present arguments. And from that, Mr. Schaffer, you may save out some time for rebuttal. Thank you, Your Honor. I'd like to reserve three minutes for rebuttal. May it please the Court, my name is Charles Schaffer, and I represent the defendants in their appeal, their interlocutory appeal, of the trial court's denial of their motion to dismiss for form nonconvenience. What defendants have attempted to emphasize throughout their briefing and what we believe plaintiffs have attempted to obscure is that this is not a form nonconvenience case, where defendants are claiming that it's merely geographically inconvenient for them to defend this litigation in Illinois. Rather, our motion is based on the sort of fundamental principles underlying the form nonconvenience act. And those are fundamental fairness and the effective and sensible administration of justice. We believe both of those prongs are violated if this case is required to remain in Illinois. With respect to fundamental fairness, defendants simply cannot put on a full and fair defense of the claims that have been brought against them in Illinois. They've identified two dozen occurrence witnesses that are available in Virginia and cannot be brought to Illinois. And when this Court engages in the sort of balancing that Gridley requires of factors that weigh in favor and against the chosen form, there is nothing on the other side. Plaintiffs have not identified any unfairness or prejudice that would result to them if this case were to proceed in Virginia instead of Illinois. They haven't identified any witnesses that are available in Illinois but not Virginia, as opposed to the two dozen that plaintiffs have been able to identify. They haven't even identified any burdens to the judicial system, any inconvenience to them. They've basically said we should be able to have this case here because it's where we decided to file and defendants can't claim that it's geographically inconvenient. But with respect to the sensible administration of justice, the effective administration of justice, again, we think that the trial court erred in only looking at the convenience factor as it relates to mileage. Is Cook County a fair place in general for these defendants to be forced to defend litigation? We've never contended otherwise. With respect to this case, not only are there a considerable number of witnesses in Virginia that can't be made to come to Illinois, there are critical parties that were one-time defendants to this case, were voluntarily dismissed by the plaintiffs after defendants filed their form of nonconvenience motion that cannot be made to come to Illinois for this litigation. Plaintiffs have filed nearly identical litigation against those defendants in Virginia. That case is proceeding. And as we submitted to the court yesterday, we found out just on Friday that Fusion is now actually a defendant, a third-party defendant, to that case. So now we have two cases stemming from the same facts, based on the same essential claims, proceeding in two different courts, and involving nearly all of the same parties. That's clearly not a sensible administration of justice, not effective administration of justice. So is it Fick that brought you in? Yes, Your Honor. And again, Fick and two of the other defendants are defending litigation in Virginia. Even before we were brought in, our argument was, we should be in Virginia, but we should only be in Virginia. We shouldn't be forced to defend this case in two different jurisdictions. And two different legal systems shouldn't be forced to undertake the burden of hearing the same case, based on the same claims, brought by the same plaintiffs, in two different courts. Now what the plaintiffs have said in this case, with respect to what this court can and should consider- It's not really the same claims by the same plaintiffs, it's the third-party plaintiffs. Isn't that an indemnity action against your claims? The claim that is brought against us, yes, Your Honor, but the claims that were brought against the three defendants in Virginia, that the complaint that was filed against those three defendants, is nearly word for word the complaint that was filed against Fusion, Fusion's founders, and Synergy Flavors in Illinois. Wait, they're arguing a products liability case in Virginia? Yes, Your Honor. It's a products liability claim based on, one of the defendants there is a distributor, and it's the claim of putting it into the stream of commerce in Virginia. Again, there are differences in the sorts of claims that can be brought in Illinois and Virginia, but with respect to the essential facts and claims, the two complaints are nearly indistinguishable. And again, what plaintiffs have claimed here, with respect to this court's ability to review what the trial court did in this case, we believe that the standard they propose is inherent. Their essential position is, that so long as the trial court merely considered the right private interest factors and the right public interest factors, this court shouldn't get into the business of re-weighing or re-balancing how the trial court came out on those factors. Clearly, if you look at cases like Gridley, Fennell, a number of cases that have followed, appellate courts are not only permitted, but expected to balance those private and public interest factors to determine where, I believe in Fennell, the phrase was, what is the most appropriate state in which to try the case? And what we submit in this case, it's clear that the most appropriate state to try this case is Virginia, not Illinois. With respect to the compulsory process- But given all that, you're not arguing that this is an over-reviewer, it's still an abusive discretion standard. Absolutely, Your Honor. It is an abusive discretion standard, and as we submit in our briefs, and as I'll explain, we believe that the trial court abused its discretion and erred in a number of ways in We can see that the trial court ticked down the correct list of private and public interest factors. We believe that it came out incorrectly, completely, in considering some of those factors, and on balance, it just simply abused its discretion in not seeing the fact that, again, on the one side of the balance is prejudice, prejudice to defendants in trying this case. Again, this isn't a matter of inconvenience, this is a matter of prejudice in not being able to put on a full and fair defense in Illinois. There is nothing, nothing on the other side, there's nothing on plaintiff's side that even comes close to prejudice if they are forced to litigate this case in Virginia, a case that they're already, essentially, litigating in Virginia. Tell us why you can't put on a defense in Illinois. This is a defective product case, can't you defend against that, can't you say, no, it's not a defective product? To that point, Your Honor, we believe that there are clearly two halves of this case. There are facts that relate to the product itself, and clearly we can put on evidence regarding the design of the product in Illinois. The other half of this case results from an underage minor being allegedly illegally sold alcohol, a minor who has a prior history of suicide attempts, a minor whose death resulted from him intentionally walking into a road, getting hit by a car, an accident that was investigated by Virginia police officers, ruled a suicide by the Virginia medical examiner, he had been treated in Virginia for prior suicidal ideation. There are a number of facts, Your Honor, that all of the occurrence facts and all the facts regarding this plaintiff, all of that evidence is located in Virginia, and defendants will not be able to put on a case. What element of a product's liability case does it go to? Well, in Virginia, Your Honor, there is there, and as you've seen in our briefs, we contend that Virginia law will apply to this case regardless of whether this case is tried in Illinois or Virginia. And in Virginia, there is no strict liability for products cases. So negligence and the plaintiff's conduct is going to be a factor in every claim that the plaintiffs have pled in this case. And the defendant's conduct here clearly, clearly was pivotal. I mean, he, again, illegally purchased, illegally consumed this product, had a history of these sort of things that we just can't put on any of that evidence in Illinois. Whereas, Your Honor's correct that there is some evidence regarding the design of the product that can be put on in Illinois or Virginia. And to the plaintiff's point, that's the case plaintiffs want to try, is simply the design of this product. And they don't want the trial court. They don't want live witnesses on the occurrence facts. So plaintiffs can try that, the same case, plaintiffs can put on every piece of evidence that they need for their case, whether this case is tried in Illinois or Virginia. But let's be clear, Chicago is your corporate headquarters. Absolutely, Your Honor. And you know, if you've seen the declaration in this case, obviously this is a modern company that the individuals work around the country, they work from their homes. There was no physical corporate headquarters. But with respect to whether or not we're arguing that Cook County would be geographically inconvenient, no, we're not arguing that. In the absence of facts where there would be prejudice to us in trying the case here as opposed to another jurisdiction, we wouldn't be arguing that this case was improperly brought in Illinois or in Cook County. And for your current witnesses that you need from Virginia, there is a thing called evidence depositions you could use. Absolutely, Your Honor. Is that the way you like to try your cases? I'll ask the same question to the plaintiffs, if that's the way you... Your preference is to throw an evidence deposition up in front of the jury. Is that the way you like to try your cases? Your Honor, it's not the way I like to try my cases. Do the rules circumscribe when that can be done? The rules certainly do. And if a witness is unavailable, you can put on an out-of-state deposition. Illinois courts have found that it's a critical consideration in a forum non-convenience context that parties should not be forced to try their case through merely putting on deposition testimony in a trial. But you can do video, live, for the jury in Cook County. That's true, Your Honor. It is still a consideration that Illinois courts have found that parties have a right and it is a fundamental issue of being able to put on a full and fair case to be able to call live witnesses in support of your case. In court, live witnesses. I've mentioned the compulsory process factor. Obviously, the trial court actually said that that factor did strongly support a trial in Virginia. We believe it abuses discretion in not realizing how critical that factor was. When the court ruled on this, was this other action not pending? That's true, Your Honor. And the court actually made note of this. This is something we pointed out in our briefs. That at the time that the trial court ruled in this case, it said, when we talked about the convenience of the parties and whether or not another action was going to have to be litigated in another forum, the trial court specifically noted there was no other action pending at that time. Well, it had been dismissed, but it's been resurrected. True? That action originally was filed and then was dismissed before? No, not in Virginia. No Virginia action had been filed, Your Honor. None at all? None at all, until after our case was dismissed. Originally, the three defendants that are currently defendants in Virginia were defendants in the Illinois case. They were dismissed from the Illinois case and the claim against them was not filed until after the trial court dismissed our forum nonconvenience motion and until after we filed our opening brief in this appeal. Then the plaintiffs filed a lawsuit against the three former defendants of the Illinois litigation in Virginia. Oh, all right. And again, only I believe last week where we served with a third party complaint making us part of the case. With respect to the public interest factors, we believe the court... Before you go to that, I just want to see if I can just pin you down on the legal term that you would rely on in terms of the defense that you're not allowed to put on. Is it contributory negligence? Is it causation? What is it that you're being prevented from doing? It would relate to causation and contributory negligence, Your Honor. As we pointed out in our brief, there is no claim that plaintiff pled in how it will be tried under Virginia law. And again, we've put forward a full choice of law analysis that was not addressed by the trial court and has never been addressed by plaintiffs. We believe it's clear that Virginia law will apply to this case. These are all tort claims. The injury clearly occurred in Virginia. Under any claim that plaintiffs have pled, their evidence regarding the facts and the occurrence of the injury will be relevant to a disposition of those claims. With respect to the public interest factors, the trial court made, we believe, inconsistent rulings. The trial court did correctly find that with respect to the factor of deciding local controversies locally, that that factor favored Virginia. And of course, we agree with that. This was an injury that occurred in Virginia. It involves an alleged violation of the Virginia criminal laws. It involved the death of a Virginia citizen, Virginia plaintiffs, Virginia medical care. But then the trial court held that despite that and despite the fact that Illinois courts have held that that factor should be considered with the factor whether it's fair to impose the trial, the expense of a trial, and the burden of jury duty on citizens of a jurisdiction, the trial court said that that factor favored keeping this case in Cook County. And it didn't really explain how it resolved that inconsistency. And with respect to the issue of whether Virginia law will apply, the court assumed in its order that Virginia law would apply to these claims. But then it said that it really didn't pay much mind or give much weight to that factor because Illinois courts are competent to apply the laws of other states. And obviously that's true, and Illinois courts can and do apply the law of other states. But the case law is clear and greatly referred to it as a significant factor as to whether an Illinois court should be burdened with applying the law of another state. In the Skidmore case, the court said that states, Virginia in this case, have an interest in applying their own laws in their own states. So it really called it an important factor to avoid burdening Illinois courts. Illinois courts have recognized that foreign states have an interest in applying their own laws. So while Illinois courts are, of course, competent to apply the laws of other states, courts have felt that they shouldn't be forced to do so absent of very strong policy reason to do so. It's simply absent in this case. If the court has no further questions, I'll cede the remainder of my time and just request that the court reverse the circuit court's order and enter dismissal on the form of non-convenience motion. Thank you. All right. We'll hear from Mr. Simon now. May it please the Court. The narrow issue on appeal is whether or not the trial court abused its discretion in concluding that the appellant failed to meet its substantial evidentiary burden necessary to obtain exceptional relief, relief it must now show no reasonable person could have denied them. As they concede today, they're not arguing that Judge Kirby applied the wrong analytical framework, that he didn't apply the correct private and public interest factors described by the case law. Do you think the case law is a little murky, that even though this standard is abuse of discretion, that we have so many decisions all over the place, that it looks as if the reviewing courts are doing more than that? I know that a contour has emerged when the cases are taken all together that make the cases that they cite in support of their appeal distinguishable from this one. And the contour is this. When an Illinois resident corporation is sued in Illinois for products liability where the decisions in formulation, design, manufacture are alleged to have occurred in Illinois and applying the right private and public interest factors and considering the evidence presented by the appellant, the court declines to transfer the case to another U.S. state that has never been deemed an abuse of court. Is there any case that you can cite to us that's sort of factually similar to this one? Yes, Your Honor. Both the Irwin and the Ellis cases. How are they similar? Injury occurred out of state. And by injury, I mean the product was used or consumed out of state. In fact, in Ellis, out of the country, in the Philippines. In those cases, the same arguments that were elegantly presented today, the same evidence which were elegantly presented at the trial court, were ultimately rejected for the same reasons. What was the injury in each of those cases? In the Irwin case, the injury was poisoning from toxic clean rooms. The plaintiffs were in Texas and in Arizona. They sued Motorola who they allege developed these toxic products in Illinois even though undeniably the exposure was in Texas and Arizona. And the court considered that factor. And they said, sure, evidence relating to the exposure is localized in those states. But the evidence in the issues relating to design, formulation, why were these toxins? Was there any suggestion that the poison, the toxin, caused the injury? In which case? I'm sorry. The one you just referred to. There was, in the Irwin case, a discussion about the medical evidence and whether or not it is or isn't going to show that these people have birth defects as a result of the toxins. And here, in the Rupp case, we have a similar format. There is no doubt, no dispute at all, that Bo Rupp was behaving erratically and in an impaired way on the night he died. All of the... Is there a dispute about what could have caused that behavior? None. There is no dispute. Their theory is that he committed suicide. I'm not really concerned with what their theory is. But you're saying that there's no dispute of what caused that behavior? I know the defendant denies that their product did. I know that his blood alcohol was very high. There's no dispute that his blood alcohol being very high was impairing and contributed to his erratic behavior. Was there some finding by someone in that other state that the death was the result of a suicide? The medical examiner concluded that it was a suicide, which in a technical sense it was. It was not a homicide. The person that ran over him did not mean to, and he did not die of natural causes. So you're saying there's no dispute about what caused his death? I'm saying that there is a dispute about whether he was deliberate in the taking of his own life. So there is a dispute about that? Yes. All right. Now let's go to the other case. The other case that you say militates against any transfer. The Motorola case? Irwin or Ellis? Ellis. There was the Ellis case. Yes, Your Honor. In the Ellis case there was a plane crash in the Philippines. Two manufacturers of products found in that airplane were sued in Illinois. They were Illinois resident defendants. There was an allegation that those products were defective. What were the injuries in that case? Death. Any question about the death that occurred as a result of the crash? I presume not. All right. Okay. Now let me ask you this. If you try a case, do you want to have a videotaped deposition to present? Is that how you like to do your trials? It does not trouble me. No? You don't like live witnesses? It's not that I dislike them, Your Honor. It's that I receive information every day, news I can use from Anderson Cooper in my living room. He's not sitting there with me. But this is how, in a digital age, we receive information. I present videotaped testimony in trials. And do you do it routinely with every single witness because that's the way you feel you can fairly and fully present your case?  If you have ten witnesses and you can't subpoena them and your option is to present an evidence deposition, is that the way you'd like to do it? I want to present some of that evidence by videotaped deposition, not all of it, because it allows me to control the amount of time the testimony goes in. I know exactly how long it will take. All right. Yes, Your Honor. And some of those issues overlap. With this case, would you agree that there might be overlapping issues? Yes, there may be some overlapping issues. Does this serve judicial economy for a court in Virginia to be having a portion of a case litigated and a court in Illinois to have the case litigated? Yes, for each of several reasons. All right. And if the law of Virginia is going to be applied, your answer to that question would still be yes? Yes. It does not yet apply. What are each of those several reasons? First of all, our case law here in the Brown v. Cottrell decisions and in the Ammerman decisions make very clear that where products liability is alleged against an Illinois resident corporation, there is a profound public interest in the State of Illinois in preventing and redressing those harms, harms caused by defective products formulated here. In fact, the Brown v. Cottrell decision spoke to it when it said, another important principle guiding forum nonconvenience review is that in cases where the primary issues center around a product's liability claim, the site of the accident caused by the allegedly defective product, in this case Virginia, is less important because any local interest is largely supplanted by a more general interest in resolving a claim involving an allegedly defective product. I think I would absolutely agree with you that the site here isn't some overriding or heavy factor to consider. Now, secondly, Judge Kirby considered this issue the possibility that there would be competing claims. And it went into the factoring. He balanced it. He conceded that the issue of obtaining compulsory process over unwilling witnesses did favor Virginia. He gave them that. He considered that the practical implications of some of these witnesses being in Virginia favored that. That said, there are witnesses in Wisconsin where city brewing brewed the product. But they got the benefit of that. When he granted the personal jurisdiction of city brewing, the brewer, a Wisconsin company on the same day, that immediately meant there would also be a Wisconsin action to preserve the statute of limitations, which has happened. What do you lose if the case is tried in Virginia? First of all, we lose the proposition that we believe is compelling, which is that bringing this case to their peers in the community in which they live and work to judge its safety or its danger is essential. And so do they. Don't they sell this product in 47 states? They do. And by their logic, any time they get sued for injuries resulting from those products, it would be more convenient to adjudicate in 47 different states. Well, I don't think anyone is suggesting that. Do you think the good citizens of Virginia wouldn't take this as seriously as the good citizens of Illinois? Do you think that jurors don't follow the law as they're instructed in one state versus another? No, Your Honor. Obviously, I'm not casting any aspersions on the citizens of Virginia, but I'm saying that the issues of sale are localized in Virginia, but the issues of manufacture and design are localized here. And they made that argument. I thought the court said that the factor about the local controversy being decided locally weighed against you. It did. They gave them that. And then in the second public introspection. But you're saying that's really not true here, that the controversy is you're going to lose if it's not heard in Illinois versus Virginia. I'm saying that we are prejudiced if their product's liability is not litigated here. Virginia does not have product's liability, first of all. Second of all. Yeah, and so is there a possibility of inconsistent verdicts here at all? We have a one satisfaction rule here in Illinois. Yeah, but I mean, you've got, don't you have a product's, or what do you have as far as that other party you brought an action against? Thick breach of warranty that the product was fit for a particular purpose, human consumption, when in fact it was not. That said, Your Honor, what we have here are other practical implications that are important. Synergy Flavors, the company that provided the artificial flavoring, which makes the product neither taste nor smell nor punch like alcohol, so that it can be consumed quickly and easily marketed to a teen demographic, is a Chicago resident. They are here. And they are not subject to the personal jurisdiction of Virginia as far as we know. They're not subject to the personal jurisdiction of Wisconsin as far as we know. They remain under any thesis as far as we know. And so the question is, why not just send it to Virginia? There are reasons. Those reasons include the fact that Judge Kirby considered it, and the question now is, did he behave irrationally? I don't believe they made it. I think you're really going out on a limb there when you say that. But go ahead. I'll catch the hint as we watch. No, I just don't think that's an apt description at all of use of discretion. But go ahead. All right, Your Honor. I believe Judge Kirby. But anyway, let me bring you back to one of your earlier answers because I think you were trying to put a fine point on something, and I want to know what that fine point is. In response to Justice McBride's question, you said that what is in dispute is was the decedent here, was he deliberately about the taking of his own life? Am I correct in sensing that you were trying to make a fine point there as to what the dispute is? And can you relate that to the discussion that I had earlier with your opponents about the question of what defense do they lose by having to try the case here? Yes, Your Honor. What's really an issue here? What is at issue is not that he was behaving erratically, but why? In the end, the only person who knows if he intended to harm himself is Bo Rupp, and he's deceased. So that evidence can't be procured in any state. Now, do his parents have... Well, do you think that a jury's not going to have to figure that out? You're saying the only one that knows that is the deceased, but isn't the jury going to be visiting that question? I believe there will be circumstantial evidence presented to that end. Where will that evidence come from? Well, some of it will come from the parents who will be here. Others will come from those who saw him that night. Those people are listed, people who attended the concert. They listed several. They could have arguably listed hundreds. But they all have essentially the same thing to say, a matter which is not in dispute, which is that he was behaving erratically in an impaired way that evening. It's not really in dispute. If we're talking about was he contributorily negligent or was his conduct such that it caused harm to him, that's not really in dispute. What's really in dispute here is what caused him to behave in that particular way. And the gravamen of this lawsuit is that it was the product. Right. And so you're not contesting that he was underage. You're not contesting that he illegally bought this stuff. You're not contesting that he went and sat down in front of a truck. You're not contesting that he was on medication and he was warned by his mother that he shouldn't take this. That's not in dispute. Right. True. And what's in dispute here is, given all that, why did he do it? And your claim is he did it because he was under the influence of this product. Isn't that right? Yes, Your Honor. That's correct. And that the witnesses they list, as it were, would go to those issues which are not in dispute. I don't know if I have time left. I certainly will simply try to make this point if I might. There is other litigation involving this caffeinated alcoholic drink for Loco. And it's litigation which is brought forward by Fusion as a plaintiff. When they sue out-of-state residents, as they have done more than once, over insurance issues related to bodily injuries involving For Loco, they do so in Cook County and want their choice of forum to be respected. Only five days ago. Is that one of the factors that's listed in any of the cases that you've referenced for us to look at as something the courts consider? Where they bring other lawsuits? Has that ever been suggested in any case that you're aware of on forum nonconvenience? In so far as when they presented affidavit testimony, the question was what was the strength of that affidavit testimony? Did you suggest to the trial judge that they have to present affidavits? I don't know that I suggested they had to. I know that they tried to. And do you believe there's any requirement under any of the decisions that an affidavit is required to support a motion for forum nonconvenience? Your Honor, I don't believe the case law says it's required. Only that the affidavit evidence that they brought forward was undermined by other affidavit evidence that they had brought forward when they were trying to defeat a forum transfer as a plaintiff who filed in the Northern District of Illinois. And that the court considered that whereas in this case the affidavit of the defendant, Jason Freeman, was gee, Cook County is not really important to who or what we are. It's just a post office box. In fact, in 2009, on March 25th, he filed an affidavit to defeat a forum action in which he said virtually all of the evidence, all of the key personnel, everything that we at Fusion are in how we design, market, and sell our products is in Cook County. And that if we're going to litigate fairly issues related to this caffeinated alcoholic drink, that issue in dispute, then they do so here. That's the most convenient and just forum in their estimation. In the end, Judge Kirby balanced the private interest factors and found one strongly favored Illinois, one strongly favored Virginia, and the others were a mixed bag, as he put it. Concluding therefrom that the substantial evidentiary burden had not been met. On the public interest factors, it was also the same. One favored Virginia, one favored Illinois, the other was essentially neutral. There was very little evidence on it, and that was the issue of court congestion. He also made the note that that is not an issue about which of the courts apply much consideration anyway because it's presumed that all courthouses are busy. Because the appellants have not established that Judge Kirby applied the wrong analytical framework or that no other reasonable person could have reached the conclusion he did, which I believe is a correct recitation of the abuse of discretion standard, we respectfully request that the appeal be denied. Thank you. Mr. Schaffer. Thank you, Your Honor. I'd just like to respond briefly to some of the points made by opposing counsel. With respect to the two cases that he cites as being analogous to the factual situation we have here, Ellis and Irwin, we submit and we've argued in brief that both of those are clearly distinguishable. In the Ellis case, first of all, with respect to the issue of foreign shopping and deference to the plaintiffs, one of the named plaintiffs in that case, one of the named plaintiffs was an Illinois resident plaintiff whose family was on a flight in the Philippines. The court said that that entitled her to increased deference to her suit in Illinois. Here, plaintiffs haven't been able to argue that they have no connection to Illinois outside of this litigation. With respect to the compulsory process factor, in Ellis, the court found that Illinois witnesses who were available in Illinois and relevant to the case could not be made to appear in the Philippines. The court said the same thing in the Irwin case, that critical witnesses, former CEOs of Motorola, who lived in Illinois, couldn't be made to go to Texas for the litigation. So unlike here, where plaintiffs can't point to a single witness who is available in Illinois and they couldn't make them. What about the two they mentioned, one that lives in Wisconsin? Aren't there two witnesses that they feel they couldn't? There are witnesses that plaintiffs have identified that cannot be compelled to appear for trial in either state, Illinois or Virginia. But there's no witness who's available in Illinois who they will lose compulsory process over if this case goes to Virginia. Going back to Your Honor's question, what plaintiffs lose if this case goes to Virginia? They don't lose the ability to call a single witness. And in both Ellis and Irwin, plaintiffs would have lost the ability to call critical witnesses if the case were transferred. Similarly, with respect to the point, the effect of administration of justice and the fact that similar cases... Why are they so critical? Let me come back to the point I earlier made. Why are they so critical? Is anybody really contesting the facts, the details of what happened in Virginia? Is that really an issue? I believe it's going to be an enormous issue. What facts do you think are contested? As you heard plaintiffs argue with respect to whether or not this was a suicide, his definition of suicide is anything that's not a homicide, which is not what the medical examiner determines. There are accidents, and there are suicides. Does that relieve you of liability under a product theory? In Virginia, it would, Your Honor. In Virginia, all of their cases are subject to a comparative negligence standard, and any evidence regarding plaintiffs... And again, when it gets to what's the evidence that we would put on in those issues... It won't relieve you of any liability in Illinois. It would potentially relieve us of liability in Illinois as well, Your Honor, as we contend that Virginia law will apply to those claims. Well, so then if the court has to apply the Virginia law here, what are you losing? We're, again, losing the ability to call those witnesses. And you heard the plaintiffs... The testimony that they could bring forward is the conduct that they're going to describe really contested. I mean, you said an example is, well, was it suicide or not? But they're not claiming that he didn't harm himself. Their claim is the reason behind why he harmed himself. And so the fact that he did all those things that I cited earlier, that he drank while he was underage, that he was intoxicated, that he was on medication, that he laid down in front of a truck, that he ran away from his mother that night, none of that's going to be contested. You're correct. So the conduct of the decedent is not going to be contested. It's the underlying reason why he acted the way he did. And that's going to come back to the product, isn't it? Well, clearly that's plaintiff's theory is that it comes back to the product. Obviously our defense of the case is that why he did it is going to come back to the fact that before he ever heard of Forloco, before he ever heard of anything involving this litigation, he had already attempted to commit suicide. That we have witnesses in Virginia that can talk about prior acts that he had. I think your Honor's question is, is there going to be a dispute about why he acted irrationally on the night in question? And you're exactly right. That's going to be a critical issue in this case. So if the case is tried here, you're basically going to be putting out a defense mostly through videotaped depositions or whatever. You won't be able to call anybody from Virginia. Correct, certainly not. But they'll be able to call your witnesses or their witnesses live in a trial in Cook County. Absolutely, Your Honor. And we think that's sort of the fundamental unfairness or unbalance of having this case proceed in Illinois. And if I could just make one more point with respect to, because I know your Honor is focused on this issue, of what is the evidence that we wouldn't be able to put on here or would have to put on through video testimony or reading a transcript. It would be his prescribing doctor, the doctor that prescribed him antidepressants, the doctor that saw him for his prior attempted suicide, as his mother told the police officers, the fact that just weeks before the incident he had started having, I believe it's referred to as bad thoughts again, the fact that he was recently, within weeks I believe, or possibly a month of the incident, that he was put on antidepressants because of these bad thoughts. If we are only able, the only Virginia witnesses that we're able to call live on this issue are the decedent's parents and not the police officers who received these statements, not his psychiatrist or psychologist who treated him for these issues, not his friends who can testify about whether or not the decedent had acted similarly, irrationally at points in the past, having nothing to do with congesting the product that they contend is at issue. These are all going to be critical facts as to whether or not it was the product at issue or some other reason that decedent did what he did on the night in question, and that's going to be central to our defense of the case. I just want to make one more point with respect to the point that plaintiffs wanted to emphasize, which is that you asked what they lost. They couldn't try this case in Illinois, and what they said they lost. Well, they don't lose their cause of action, and I hope that's well understood, and I'm sure it is. Yes, Your Honor, and with respect to Synergy Flavors, that is something that, I believe, another thing that we pointed out in our brief that the trial court simply got wrong, which is that Synergy Flavors, as part of the rule underlying form nonconvenience dismissal, 187C2 says that Synergy Flavors, in order to be dismissed, they joined the motion to dismiss for form nonconvenience for this case. In order for this case to be dismissed, Synergy Flavors will have to accept process in Virginia. So the argument that Synergy Flavors will still be here defending a lawsuit, that's a red herring. In order for this case to be dismissed on form nonconvenience, they have and will agree to accept process in Virginia and be defendants in that litigation. And just the final point with respect to, I think Your Honor was already on top of it, but with respect to the argument that Fusion has filed litigation in Illinois in the past, and I believe one such complaint was submitted to this court yesterday. This court in Ammerman v. Raymond Corp., which is a 2008 case, I'll just read the site because I'm not sure if it was cited in our brief, Ill App III 878 said that the consideration of such a factor would be improper in a form nonconvenience analysis because each case stands on its own. With respect to the case submitted to this court yesterday, Fusion filed a lawsuit against an insurance broker and his company, both of whom are housed and are resident in Cook County. It was the resident of the defendants that militated where that litigation was filed. But as this court has held, even despite that, defendants don't argue that this is geographically inconvenient. It comes back to fairness, effective administration of justice, and we submit that in furtherance of both of those goals, this case should be dismissed and transferred to Virginia. Thank you. Well, we thank both sides for your comments. The case was well-argued and well-briefed, and we will take it under advisement. Thank you, Counsel.